IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:12-cv-14148-KMM

WILLIS OF FLORIDA, INC., f/k/a
HILB ROGAL & HOBBS OF
FLORIDA, INC.,

      Plaintiff,

vs.

ALL RISKS, LTD.,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (ECF No. 30). Plaintiff filed a Response (ECF No. 31) and Defendant filed a Reply (ECF No. 32). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

This is an action for various theories of liability arising from the alleged failure of Defendant to procure insurance at Plaintiff's request. Plaintiff is a corporation organized under the laws of Florida with its principal place of business in Florida. Defendant is a corporation organized under the laws of Maryland with its principal place of business in Maryland.

---

[1] The facts herein are taken from Plaintiff's Amended Complaint (ECF No. 28), Defendant's Motion to Dismiss, Plaintiff's Response, and Defendant's Reply. All facts are construed in a light most favorable to Plaintiff as the non-movant.

1

In August 2009, Plaintiff, which is a retail insurance agent, was hired by a condominium association (the "Association") in order to procure property and general liability insurance for a residential condominium complex in Indian River County, Florida. Plaintiff then engaged Defendant, which is an insurance brokerage firm holding itself out as a surplus lines agent, in order to "access the surplus insurance market for property and general liability insurance" for the Association. Am. Compl., ¶ 6. On August 31, 2009, Plaintiff submitted an application to Defendant which set forth the relevant coverage and terms requested. The application sought a quote for coverage for the period of September 5, 2009 through September 5, 2010.[2] On the same day, Defendant provided Plaintiff with an insurance quote for general liability insurance coverage.

On September 4, 2009, Plaintiff instructed Defendant to bind the general liability coverage as outlined in the quote. On September 8, 2012, Defendant informed Plaintiff that the general liability coverage had not been bound with an effective date of September 5, 2009 as Plaintiff requested. Defendant advised Plaintiff, however, that if Plaintiff could provide the Association's "loss-run history for the prior three years or a signed no-loss letter" as soon as possible, then Defendant would still be able to bind coverage with an effective date of September 5, 2009. Am. Compl., ¶ 13. On September 9, 2009, Plaintiff complied with Defendant's request and provided Defendant with a signed no-loss letter which Defendant represented would bind the insurance coverage as previously quoted.

On January 14, 2010, a violent gas explosion occurred at the residential condominium complex maintained by the Association. The tragic accident resulted in the death of one resident and serious injury to two other residents. As a result of the explosion, lawsuits were filed against

---

[2] Plaintiff requested that the policy begin on September 5, 2009 because the Association's then-existing insurance policy was set to expire at midnight on September 5, 2009.

the Association in Florida state court. It was not until after the accident that the Association and Plaintiff realized Defendant had never bound the requested insurance coverage.

Plaintiff proposed that Defendant and Plaintiff share the costs of defending and indemnifying the Association for the lawsuits. Defendant refused and Plaintiff individually entered into an agreement with the Association in order to provide its indemnity and defense, which Plaintiff alleges "neither of which would have been required had [Defendant] bound coverage as requested and as [Defendant] represented it would do upon receipt of the signed no-loss letters." Am. Compl., ¶ 20. Subsequently, the underlying lawsuits were settled by the Association.

On August 23, 2012, Plaintiff filed its Amended Complaint alleging claims for breach of contract (Count I); negligence (Count II); and negligent misrepresentation (Count III).

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. at

3

1950. A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. ANALYSIS

Defendant's Motion seeks dismissal of the Amended Complaint because (1) the claim for breach of contract fails to allege facts sufficient to establish that an implied contract was formed;[3] (2) the claim for negligence fails to establish that Defendant had a legal duty to Plaintiff; and (3) the claim for negligent misrepresentation fails to establish all of the necessary elements and fails to meet the pleading requirements under Federal Rule of Civil Procedure 9(b). See Def. Mot. to Dismiss, at 3–5. This Court addresses each of these arguments in turn.

### A. Breach of Contract

Under Florida law, an implied in fact contract is one "'based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words.'" Lee Mem'l Health Sys. v. Med. Sav. Ins. Co., No. 04-CV-445FTM33DNF, 2005 WL 2291679, at *3–4 (M.D. Fla. Sept. 20, 2005) (quoting Gem Broad., Inc. v. Minker, 763 So. 2d 1149, 1150

---

[3] Plaintiff did not address any of Defendant's breach of express contract arguments in its Response. Therefore, this Court assumes that Plaintiff is not bringing a claim for breach of express contract. See Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co., 695 So. 2d 383, 385 (Fla. Dist. Ct. App. 1997) ("Where an agreement is arrived at by words, oral or written, the contract is said to be express.").

(Fla. Dist. Ct. App. 2000)).[4] "A contract implied in fact is not put into promissory words with sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement. It is to this process of defining an enforceable agreement that Florida courts have referred when they have indicated that contracts implied in fact rest upon the assent of the parties." Watershed Treatment Programs, Inc. v. United Healthcare Ins. Co., Inc., No. 07-CV-80091, 2007 WL 1099124, at *2 (S.D. Fla. Apr. 10, 2007) (quoting Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co., 695 So. 2d 383, 385 (Fla. Dist. Ct. App. 1997)). "[A] court should determine and give to the alleged implied contract 'the effect which the parties, as fair and reasonable men, presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had contracted expressly thereto.'" Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC, 857 F. Supp. 2d 1294, 1304 (S.D. Fla. 2012) (quoting Bromer v. Fla. Power & Light Co., 45 So. 2d 658, 660 (Fla. 1950)).[5] A common example of an implied in fact contract is "where on person performs services at another's request." Baycare Health Sys., Inc. v. Med. Sav. Ins. Co., No. 07-CV-1222T27TGW, 2008 WL 792061, at *7 (M.D. Fla. Mar. 25, 2008) (citation omitted).

Here, Defendant's arguments in support of dismissal of the breach of contract claim must fail because they attack the merits of Plaintiff's Amended Complaint. Def. Mot. to Dismiss, at 8–10. Defendant argues that the language of the insurance quote provided to Plaintiff "clearly undermines any 'fair and reasonable' inference that Defendant assented to the terms of Plaintiff's

---

[4] This concept is different than a contract implied in law which relates to a quasi-theory of contracts. See Walton Const. Co., LLC v. Corus Bank, No. 10-CV-137SPMWCS, 2011 WL 2938366, at *4 (N.D. Fla. July 21, 2011) ("A contract implied-in-law is not based on the assent of the parties, but is rather based on whether a party has been unjustly enriched.").

[5] The Florida Supreme Court further indicated in Bromer that "a greater burden should be placed upon a plaintiff who relies upon an implied contract than one who uses reasonable care and foresight in protecting himself by means of an express contract. To hold otherwise would be to encourage loose dealings and place a premium upon carelessness." 45 So. 2d at 660.

5

purported 'engagement' merely by submitting an insurance quote." Def. Mot. to Dismiss, at 9. Thus, Defendant argues that this conduct is insufficient to constitute an implied in fact contract because the insurance quote negates any claim of assent. See Def. Reply, at 4. However, this argument is misplaced at the motion to dismiss stage of the proceedings because Defendant is attacking the merits of Plaintiff's claim and the "examination of the parties' conduct is a fact-based inquiry, something that cannot be resolved in a motion to dismiss." Watershed Treatment Programs, Inc., 2007 WL 1099124, at *2 (quoting Commerce P'ship 8098 Ltd. P'ship, 695 So. 2d at 385); see also Merle Wood & Assocs., Inc., 857 F. Supp. 2d at 1304 (stating that a "fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement.").

In the Amended Complaint, Plaintiff alleges that an implied contract arose when Plaintiff engaged Defendant to "access the surplus insurance market for insurance coverages, including general liability coverage" for the Association. Am. Compl., ¶ 22. Plaintiff further alleges that Defendant assented to the implied contract "through partial performance by assessing the surplus insurance market, obtaining quotes for the requested coverages, and presenting them to [Plaintiff]." Pl. Resp., at 5 (citing Am. Compl., ¶¶ 10–11).[6] Taking Plaintiff's factual assertions as true—as this Court must do at the motion to dismiss stage—this Court concludes that Plaintiff

---

[6] In the Reply, Defendant argues that Plaintiff's claim for breach of implied contract must be dismissed as a matter of law because Plaintiff cannot invoke the doctrine of partial performance while seeking monetary damages. Def. Reply, at 1–3. However, this Court finds that Plaintiff was simply alleging that Defendant assented to the contract by starting to perform its obligations under the contract, not that Plaintiff was invoking the doctrine of partial performance. Moreover, the cases cited by Defendant to support its claim that partial performance is limited to equitable claims deal with the Statute of Frauds. See Dwight v. Tobin, 947 F.2d 455, 459 (11th Cir. 1991) ("While the courts may use the doctrine of part performance to remove a contract from the statute of frauds for the purpose of granting specific performance or other equitable relief, the doctrine is not available in an action solely for damages at law."). Since the instant matter does not deal with the Statute of Frauds, this claim is without merit.

has alleged facts sufficient to state a claim for breach of an implied contract in order to survive Defendant's Motion to Dismiss.

B. <u>Negligence</u>

Under Florida law, a plaintiff alleging negligence must establish: (1) a legal duty that the defendant owed the plaintiff, (2) the defendant's breach of that duty, (3) an injury to the plaintiff that was caused by the breach, and (4) damages as a result of the injury. <u>Castellanos v. Target Corp.</u>, No. 10-CV-62456, 2011 WL 5178334, at *3 (S.D. Fla. Oct. 14, 2011) (citing <u>Zivojinovich v. Barner</u>, 525 F.3d 1059, 1067 (11th Cir. 2008)). "[E]stablishing the existence of a duty under [Florida's] negligence law is a minimum threshold legal requirement that opens the courthouse doors . . ., and is ultimately a question of law for the court rather than a jury." <u>Williams v. Davis</u>, 974 So. 2d 1052, 1057 n.2 (Fla. 2007) (citing <u>McCain v. Fla. Power Corp.</u>, 593 So. 2d 500, 502 (Fla. 1992)). "Under Florida law, the question of whether a duty is owed is linked to the concept of foreseeability." <u>Curd v. Mosaic Fertilizer, LLC</u>, 39 So. 3d 1216, 1227 (Fla. 2010). Additionally, "a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others." <u>IBP, Inc. v. Hady Enterprises, Inc.</u>, 267 F. Supp. 2d 1148, 1160 (N.D. Fla. 2002) (quoting <u>McCain</u>, 593 So. 2d at 503). This standard has been interpreted to recognize a duty of care where a defendant's conduct creates a "foreseeable zone of risk." <u>McCain</u>, 593 So. 2d at 503.

Defendant argues that Plaintiff's negligence claim should be dismissed because Plaintiff cannot establish that Defendant owed Plaintiff a legal duty. Def. Mot. to Dismiss, at 10–12. Defendant alleges that "[g]iven the fact that Defendant at no point in time communicated to Plaintiff that general commercial liability coverage was bound, it was not foreseeable that a sophisticated insurance professional like Plaintiff would assume otherwise going forward." Def.

7

Mot. to Dismiss, at 10. Additionally, Defendant argues that the language in the insurance quote which specifies the binding requirements, the fact that Defendant did not deliver the policy sixty days after the effective date as required by Florida law, and the fact that Plaintiff did not pay premiums or was paid or received a commission further undermine the foreseeability of Plaintiff's injury. Def. Mot. to Dismiss, at 10–11.

Here, this Court finds that Defendant's arguments are without merit. As alleged in the Amended Complaint, Defendant's actions created a highly foreseeable risk of injury to Plaintiff. Defendant represented to Plaintiff that once it provided either a "loss runs or no loss letter" that "we will bind w[ith] effective date requested." Am. Compl., Ex. 3 (ECF No. 28–4). Defendant then failed to procure the insurance policy as requested or, in the alternative, inform Plaintiff that it was not going to procure the insurance policy. This conduct created a highly foreseeable risk of injury to Plaintiff, who upon delivering a no-loss letter, assumed that Defendant would bind coverage for the insurance policy. See Pl. Resp., at 7. It is disingenuous for Defendant to argue that it was not foreseeable for Plaintiff to rely on its express statement concerning when the contract would become effective.[7] Moreover, the fact that Plaintiff was injured by the exact type of harm that was foreseeable by Defendant's conduct further supports that Defendant owed Plaintiff a duty. IBP, Inc., 267 F. Supp. 2d at 1160 ("Clearly, the ability to foresee an injury plays an important role in determining whether a duty of care arises."). Defendant's claim that Plaintiff should have realized that coverage was not bound is not relevant to the inquiry concerning duty, but more an assessment of whether Plaintiff's damages should be reduced

---

[7] Defendant largely bases its Motion on the fact that the insurance quote provided to Plaintiff contains a section outlining what was required for the policy to become effective. Def. Mot. to Dismiss, at 10. However, Defendant fails to support its contention that it is unforeseeable for Plaintiff to rely on the express statement of Defendant—an experienced insurance professional—for when the coverage would become effective.

8

because of comparative negligence. See Giter v. United States, No. 08-CV-622JMCR, 2010 WL 375929, at *4 (M.D. Fla. Jan. 25, 2010) (stating that "under Florida law, the doctrine of comparative negligence applies, which allows a court to apportion liability between a negligent defendant and a negligent plaintiff") (citation omitted). Applying the standard under Florida law, Defendant's conduct would clearly place Plaintiff within a foreseeable risk of harm. Therefore, this Court finds that Defendant owed Plaintiff a legal duty.

C. Negligent Misrepresentation

Under Florida law, "to state a claim for negligent misrepresentation, a plaintiff must allege (1) there is a misrepresentation of material fact; (2) the party making the misrepresentation either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representation was made with the intent to induce another to act on the misrepresentation and (4) the plaintiff suffered a resulting injury while acting in justifiable reliance upon the misrepresentation." Tyco Safety Products Canada, Ltd. v. Abracon Corp., No. 08-CV-80604, 2008 WL 4753728, at *2 (S.D. Fla. Oct. 28, 2008) (citations omitted). "The Eleventh Circuit has also noted that because actions for negligent misrepresentation in Florida sound in fraud rather than negligence, the pleading requirements contained in Federal Rule of Civil Procedure 9(b) apply to such actions." Recreational Design & Const., Inc. v. Wiss, Janney, Elstner Assocs., Inc., 820 F. Supp. 2d 1293, 1303 (S.D. Fla. 2011) (citing Souran v. Travelers Ins. Co., 982 F.2d 1497, 1511 (11th Cir. 1993)).

Defendant alleges that Plaintiff's claim for negligent misrepresentation must be dismissed because the Amended Complaint (1) does not allege that Defendant knew or should have known

9

the statements were false; and (2) the claim does not meet the pleading requirements under Federal Rule of Civil Procedure 9(b). Def. Mot. to Dismiss, at 12–13; Def. Reply, at, 6–8.

First, Plaintiff adequately pled all of the required elements for a claim of negligent misrepresentation. Plaintiff clearly states that "[o]n September 8, 2009, [Defendant] . . . . advised [Plaintiff] that if [Plaintiff] provided the Association's loss-run history for the prior three years or a signed no-loss letter ASAP, [Defendant] would still be able to bind the coverage with an effective date of September 5, 2009." Am. Compl., ¶ 13; see also id. ¶ 33. Plaintiff alleges that Defendant intended for Plaintiff to rely on the aforementioned statement which was material and that Defendant "knew or should have known that [Plaintiff's] transmittal of the signed no-loss letters would not be sufficient for [Defendant] to bind coverage." Id. ¶¶ 34–35.[8] Further, Plaintiff states that it "justifiably relied on [Defendant's] misrepresentation" which caused it damages. Id. ¶¶ 36–37. Thus, Plaintiff has pled all of the required elements for a claim of negligent misrepresentation.[9]

Additionally, this Court concludes that Plaintiff has adequately pled its negligent misrepresentation claim to meet the requirements under Federal Rule of Civil Procedure 9(b). "The purpose of Rule 9(b)'s particularity requirement is to "alert[ ] defendants to the precise

---

[8] Defendant's contention that Plaintiff has failed to allege "whether Defendant had knowledge regarding the falsity of the alleged misrepresentation" is also erroneous. Def. Reply, at 8. Defendant's argument blurs the difference between fraudulent and negligent misrepresentations. See Bailey v. Janssen Pharmaceutica, Inc., No. 06-CV-80702, 2006 WL 3665417, at *7 (S.D. Fla. Nov. 14, 2006) ("The elements of negligent misrepresentation action are identical to those for common law fraud, except that in the former, actual knowledge is not required in order to establish scienter.").

[9] In its Motion, Defendant also argues that Plaintiff, as a sophisticated insurance professional, failed to plead that it investigated Defendant's statements. Def. Mot. to Dismiss, at 12–13. However, this is not a requirement to state a claim for a negligent misrepresentation and the case relied upon by Defendant discussed this requirement within the context of comparative negligence. See Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So. 2d 334, 339 (Fla. 1997). Defendant rightfully abandoned this argument in its Reply.

misconduct with which they are charged." Hosler v. Alcon Labs., No. 12-CV-60025, 2012 WL 4792983, at *11 (S.D. Fla. Oct. 9, 2012) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)). Here, Plaintiff has sufficiently met the pleading requirements under Rule 9(b). Not only does Plaintiff adequately describe the alleged negligent misrepresentation, see Am. Compl., ¶¶ 13, 33, Plaintiff also attaches a copy of the alleged negligent misrepresentation—which was communicated by e-mail—to its Amended Complaint. See Am. Complaint, Ex. 3 (ECF No. 28-4). This is clearly sufficient to meet the pleading requirement of Rule 9(b) because it adequately puts Defendant on notice of the conduct in which it is charged. Therefore, Plaintiff has adequately pled a claim for negligent misrepresentation.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 30) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this /37th day of November, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

11